```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MARIUSZ G. JARZYNA, | : | CIVIL ACTION |
| | : | NO. 10-4191 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOME PROPERTIES, L.P. et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this **17th** day of **July, 2015**, for the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 225), Defendant Home's Motion for Summary Judgment (ECF No. 234), and Defendant Fair Collection & Outsourcing's ("FCO") Cross-Motion for Summary Judgment (ECF No. 233) are **GRANTED in part and DENIED in part**, as follows:

(1) Plaintiff is entitled to judgment against Defendant Home, as to liability, on the following claims:

    a. Count II (FCEUA), as to the thirty-day notice fee claim; and

    b. Count III (UTPCPL), as to the thirty-day notice fee claim.

(2) Plaintiff is entitled to judgment against Defendant FCO, as to liability, on the following claims:

    a.    Count I (FDCPA), as to the claim for failure to identify as a debt collector when leaving voice messages on Plaintiff's cell phone, in violation of 15 U.S.C. §§ 1692e(11) and 1692d(6);

    b.    Count I (FDCPA), as to the claim for attempting to collect a debt that Plaintiff did not owe, in violation of §§ 1692f(1), 1692e(2), and 1692e(10);

    c.    Count II (FCEUA), to the extent Plaintiff is entitled to judgment against Defendant FCO on the FDCPA claims; and

    d.    Count III (UTPCPL), to the extent Plaintiff is entitled to judgment against Defendant FCO on the FDCPA claims.

(3) Defendant Home is entitled to judgment against Plaintiff on the following claims:

    a.    Count I (FDCPA), as to all claims;

    b.    Count II (FCEUA), as to all claims other than the thirty-day notice fee claim;

    c.    Count III (UTPCPL), as to all claims other than the thirty-day notice fee claim;

    d.    Count IV (Landlord and Tenant Act), as to all claims; and

  e. Count V (Civil Conspiracy), as to all claims.

(4) Defendant FCO is entitled to judgment against Plaintiff on the following claims:

  a. Count I (FDCPA), as to the claim for lack of the required notice on the HD1A letter, in violation of § 1692g(a);

  b. Count I (FDCPA), as to the claim for failure to properly verify the disputed debt, in violation § 1692g(b);

  c. Count I (FDCPA), as to all other claims Plaintiff may have, with the exception of those on which Plaintiff is entitled to judgment, as stated above;

  d. Count II (FCEUA), to the extent Defendant FCO is entitled to judgment against Plaintiff on the FDCPA claims;

  e. Count III (UTPCPL), to the extent Defendant FCO is entitled to judgment against Plaintiff on the FDCPA claims; and

  f. Count V (Civil Conspiracy), as to all claims.

It is **FURTHER ORDERED** that the deadline per the Fourth Scheduling Order (ECF No. 227) by which Defendants shall respond

3

to Plaintiff's Motion for Class Certification (ECF No. 222) is **CONTINUED** pending a status and scheduling conference which the Court will schedule separately.

**AND IT IS SO ORDERED.**

<u>**/s/ Eduardo C. Robreno**</u>
**EDUARDO C. ROBRENO,    J.**