IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIUSZ G. JARZYNA,                  :    CIVIL ACTION
                                     :    NO. 10-4191
            Plaintiff,               :
                                     :
      v.                             :
                                     :
HOME PROPERTIES, L.P., et al.,       :
                                     :
            Defendants.              :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 6, 2016


        Before the Court is Plaintiff's Motion to Allow Reply

Memorandum (ECF No. 266), which the Court will construe as a

motion for reconsideration of its rulings on the parties'

motions for summary judgment (ECF No. 252) and Defendant Home

Properties, L.P.'s ("Home") motions for reconsideration (ECF

Nos. 262, 271). Also before the Court is Defendant Home's Motion

for Leave to File Surreply (ECF No. 268), which the Court will

construe as a response to Plaintiff's instant motion for

reconsideration.[1]

        In his motion, Plaintiff asks the Court to reinstate

his claims against Defendant Home under Pennsylvania's Unfair

---

[1]      By Order dated April 14, 2015, the Court denied
Plaintiff's motion for reconsideration. ECF No. 285. The purpose
of this Memorandum is to explain more fully the Court's
rationale for doing so.

Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1 to 201-9.3, and Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Cons. Stat. §§ 2270.1-2270.5. As explained more fully below, the Court denied Plaintiff's motion because it had previously considered Plaintiff's arguments when deciding the parties' summary judgment motions and motions for reconsideration; Plaintiff's motion was untimely; and Plaintiff's arguments concerning application of his security deposit toward the thirty-day notice fee are not supported by the record.

## I.   BACKGROUND

The Court set forth the underlying series of events related to Plaintiff's claims in its Memorandum on the parties' motions for summary judgment, and the Court incorporates those facts by reference here. See Jarzyna v. Home Properties, L.P. (Jarzyna II), 114 F. Supp. 3d 243, 248-52 (E.D. Pa. 2015).

## II.   PROCEDURAL HISTORY

### A.   Pleadings and Discovery

Plaintiff initiated this action on August 19, 2010. ECF No. 1. Due to myriad discovery disputes among the parties, the Court appointed a Special Master in the case in August 2011 to address all pretrial discovery matters, ECF No. 153, and the case was placed in suspense while the discovery issues were

resolved, ECF No. 154. Ultimately, in April 2013, the Court adopted the Special Master's Final Report and Recommendation and reinstated the case to the active docket. ECF No. 202.

On April 8, 2013, pursuant to the Court's Order, Plaintiff filed a Third Amended Class Action Complaint ("Third Amended Complaint"). ECF No. 205. The Third Amended Complaint alleges the following six counts:

| | | |
|---|---|---|
| Count I | Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et seq.</u>, against Defendants Home and Fair Collections and Outsourcing, Inc. ("FCO"); | |
| Count II | Violation of Pennsylvania's FCEUA against Home and FCO; | |
| Count III | Violations of Pennsylvania's UTPCPL against Home and FCO; | |
| Count IV | Breach of Pennsylvania's Landlord Tenant Act, 68 Pa. Cons. Stat. § 250.101 <u>et seq.</u>, against Home; | |
| Count V | Civil conspiracy against Home and FCO; and | |
| Count VI | Unjust enrichment against Home and FCO. | |

On April 17, 2013, Defendant FCO filed a motion to dismiss for failure to state a claim as to Count VI, the unjust enrichment claim. ECF No. 207. Defendant Home followed suit, filing its own motion to dismiss Count VI soon after. ECF No. 208. The Court granted these motions on December 12, 2013. <u>Jarzyna v. Home Properties, L.P.</u> (<u>Jarzyna I</u>), 763 F. Supp. 2d 742 (E.D. Pa. 2011).

On December 19, 2013, Plaintiff filed a motion for class certification. ECF No. 222. Defendants filed an unopposed motion for an extension of time to respond to the motion for class certification, ECF No. 224, which the Court granted, ECF No. 226.

On January 6, 2014, the Court set new deadlines for answering the Third Amended Complaint, filing summary judgment motions, and responding to Plaintiff's motion for class certification. See Fourth Scheduling Order, ECF No. 227.

Defendant FCO filed an answer to the Third Amended Complaint on January 13, 2014. ECF No. 229. Defendant Home filed an answer to the Third Amended Complaint and a Counterclaim against Plaintiff on January 16, 2014. ECF No. 231. The Counterclaim asserts breach of the lease agreement and seeks payment of the "past due account" money for $1,897.92, plus attorneys' fees and costs. Id. at 20-21. Plaintiff answered Defendant Home's counterclaim on January 28, 2014. ECF No. 232.

On December 30, 2013, Plaintiff filed a motion for summary judgment. ECF No. 225. Defendant FCO also filed a cross-motion for summary judgment on February 18, 2014. ECF No. 233. Finally, Defendant Home filed a motion for summary judgment on February 18, 2014. ECF No. 234. Plaintiff later filed a supplemental brief on August 13, 2014, related to additional discovery material that Defendant Home had produced. ECF No.

4

246. Pursuant to the Court's order, Home filed a supplemental response on May 12, 2015. ECF No. 250. In its brief, Home requested that Plaintiff be sanctioned pursuant to 28 U.S.C. § 1927 for his "design[] to multiply the proceedings, unreasonably and vexatiously, for what appears to be the purpose of creating unnecessary cost[s] and expenses for Home." ECF No. 234-17, at 40.

B.   Decision on Parties' Motions for Summary Judgment

On July 17, 2015, this Court issued a Memorandum and Order ruling on the parties' motions for summary judgment, granting and denying each of their motions in part. See generally Jarzyna II, 114 F. Supp. 3d 243. The Court ruled as follows:

COUNT I - FDCPA

- As to Defendant Home, the Court denied Plaintiff's motion for summary judgment and granted Home's motion for summary judgment.

- As to Defendant FCO, the Court denied Plaintiff's motion for summary judgment and denied FCO's cross-motion for summary judgment with respect to the claim that FCO's AV2 and HD1AC letters lacked the required notice, in violation of 15 U.S.C. § 1692g(a).

- As to Defendant FCO, the Court granted Plaintiff's motion for summary judgment and denied FCO's cross-motion for summary judgment with respect to the following claims: (1) failing to identify as a debt collector when leaving voice messages on Plaintiff's cell phone, in violation of §§ 1692e(11) and 1692d(6); and (2) attempting to collect a debt that Plaintiff did not owe, in violation of §§ 1692f(1), 1692e(2), and 1692e(10).

- As to Defendant FCO, the Court denied Plaintiff's motion for summary judgment and granted FCO's cross-motion for summary judgment with respect to the following claims: (1) lacking the required notice on the HD1A letter, in violation of § 1692g(a); (2) failing to properly verify the disputed debt, in violation of § 1692g(b); and (3) all other claims Plaintiff may have under the FDCPA.

## COUNT II - PA FCEUA

- As to Defendant Home, the Court granted Plaintiff's motion for summary judgment with respect to the thirty-day notice fee claim and denied Plaintiff's motion as to all other claims. The Court denied Home's motion for summary judgment as to the thirty-day notice fee claim and granted Defendant Home's motion as to all other claims.

6

- As to Defendant FCO, the Court granted Plaintiff's motion for summary judgment and denied FCO's cross-motion for summary judgment to the extent the Court granted summary judgment to Plaintiff on his FDCPA claims. The Court denied Plaintiff's motion for summary judgment and FCO's cross-motion for summary judgment to the extent the Court denied summary judgment to both parties on Plaintiff's FDCPA claims. The Court denied Plaintiff's motion for summary judgment and granted FCO's cross-motion for summary judgment as to all other claims under the FCEUA.

COUNT III - PA UTPCPL

- As to Defendant Home, the Court granted Plaintiff's motion for summary judgment with respect to the thirty-day notice fee claim and denied it as to all other claims. The Court denied Defendant Home's motion for summary judgment as to the thirty-day notice fee claim and granted it as to all other claims.

- As to Defendant FCO, the Court granted Plaintiff's motion for summary judgment and denied FCO's cross-motion for summary judgment to the extent the Court granted summary judgment to Plaintiff on his FDCPA claims. The Court denied both Plaintiff's motion for summary judgment and FCO's cross-motion for summary judgment to the extent the Court

denied summary judgment to both parties on Plaintiff's
FDCPA claims. The Court denied Plaintiff's motion for
summary judgment and granted FCO's cross-motion for summary
judgment on all other claims.

### COUNT IV - PA Landlord and Tenant Act

- The Court denied Plaintiff's motion for summary judgment
  and granted Defendant Home's motion for summary judgment.

### COUNT V - Civil Conspiracy

- The Court denied Plaintiff's motion for summary judgment,
  granted Defendant Home's motion for summary judgment, and
  granted Defendant FCO's cross-motion for summary judgment.

### Defendant Home's Counterclaim - Breach of Lease Agreement

- The Court denied Defendant Home's motion for summary
  judgment on its Counterclaim and denied without prejudice
  Home's motion for sanctions.

As a result of the Court's summary judgment rulings,
the following claims remained for trial:

- Count I (FDCPA), against Defendant FCO: the AV2 and HD1AC
  letters lacked the required notice, in violation of 15
  U.S.C. § 1692g(a);

- Count II (PA FCEUA), against Defendant FCO: the AV2 and HD1AC letters lacked the required notice, in violation of 15 U.S.C. § 1692g(a);

- Count III (PA UTPCPL), against Defendant FCO: the AV2 and HD1AC letters lacked the required notice, in violation of 15 U.S.C. § 1692g(a); and

- Defendant Home's Counterclaim.

C.   <u>Motions for Reconsideration</u>

After this Court issued its decision on summary judgment, Defendants Home and FCO each filed motions for reconsideration. ECF Nos. 255, 260. Plaintiff responded to both motions. ECF Nos. 256, 261.

By Order dated August 13, 2015, the Court granted Home's motion for reconsideration as to Plaintiff's claims under the PA UTPCPL, thereby reversing summary judgment in favor of Plaintiff on Count III and granting summary judgment in favor of Defendants Home and FCO on Count III. ECF No. 262. The Court-- after reviewing two recent cases that it had not cited in its Memorandum ruling on the summary judgment motions[2]--found that

---

[2]     The two cases, <u>Kaymark v. Bank of America, N.A.</u>, 783 F.3d 168 (3d Cir. 2015), and <u>Grimes v. Enterprise Leasing Co. of Philadelphia, LLC</u>, 105 A.3d 1188 (Pa. 2014) (per curiam), were binding precedent at the time that this Court issued its decision on summary judgment on July 17, 2015. However, the cases had not been decided at the time that the parties had

Plaintiff had no ascertainable loss with the meaning of that term in the UTPCPL, because Plaintiff's only losses were his attorneys' fees in connection with his retention of counsel to resist FCO's collection efforts. The Court explained:

> Defendant Home argues that the Court committed a clear error of law when it granted summary judgment to Plaintiff as to the portion of his UTPCPL claim related to Home's assessment (and Defendant FCO's collection) of the thirty-day notice fee. Specifically, Home argues, for the first time, that the Court improperly allowed the claim to proceed on the basis that Plaintiff's attorney fees constituted "ascertainable loss" under the statute. Plaintiff responds that the basis of the UTPCPL claim was Home's withholding of his security deposit. However, as discussed below, that claim is no longer part of the action.

> The UTPCPL states, in relevant part:

> > Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any <u>ascertainable loss</u> of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

---

briefed their motions for summary judgment in early 2014. Therefore, the parties had not briefed the ascertainable loss issue or otherwise brought these cases to the Court's attention.

70 Pa. Cons. Stat. § 201-9.2(a) (emphasis added).

Although the "Pennsylvania Supreme Court has not definitively addressed what constitutes ascertainable loss under the statute," Kaymark v. Bank of Am., N.A., 783 F.3d 168, 180 (3d Cir. 2015), it has had recent occasion to address attorney fees in this context. In Grimes v. Enterprise Leasing Co. of Philadelphia, LLC, 105 A.3d 1188 (Pa. 2014) (per curiam), the state's high court held that the "plain language" of the UTPCPL "makes it readily apparent that the General Assembly deemed ascertainable losses and attorneys' fees to be distinct items for redress." Id. at 1193. Moreover, the court found, holding otherwise "would allow a plaintiff to manufacture the 'ascertainable loss' required to bring a private UTPCPL claim simply by obtaining counsel to bring a private UTPCPL claim"--an unreasonable result. Id. Because the appellee in Grimes could not otherwise satisfy the ascertainable loss element, the court dismissed her UTPCPL claim. Id. at 1194.

Here, once the claim as to the security deposit was dismissed, Plaintiff's attorney fees became the only remaining basis for the statutory ascertainable loss requirement. Earlier in the action, Plaintiff had alleged that Home (and FCO, by implication) "unlawfully withheld Plaintiff's security deposit," [Jarzyna I, 763 F. Supp. 2d at 752], and that Plaintiff "was forced to retain counsel to resist FCO's collection efforts." Id. at 749. The Grimes court, distinguishing Jarzyna I, recognized that the security deposit claim "alleged a specific loss of money," and therefore satisfied the ascertainable loss requirement. Grimes, 105 A.3d at 1194.

However, the Court, by its recent memorandum opinion and order, dismissed the security deposit claim from the case. See [Jarzyna II, 114 F. Supp. 3d at 277] (holding that Plaintiff's security deposit was not improperly withheld when Home applied the deposit amount to rent in arrears). At the present time, the only alleged ascertainable loss supporting Plaintiff's UTPCPL claim is attorney fees. Because it appears that the Pennsylvania Supreme Court has foreclosed such a claim, the Court clearly erred in allowing Plaintiff's UTPCPL claim to proceed. Accordingly, the Court will

> grant Home's motion for reconsideration as to the UTPCPL claim.

ECF No. 262 at n.2. Defendants' motions for reconsideration were denied in all other respects.

Plaintiff then filed his own motion for reconsideration on August 14, 2015, which he styled as a "Motion and Memorandum of Law for Reconsideration of this Court's August 13, 2015 Order (Doc. No. 262) Granting Reconsideration of the Order of July 17, 2015, Granting in Part Plaintiff's Motion for Summary Judgment and Denying in Part Defendant's Motion for Summary Judgment." ECF No. 263. In his motion, Plaintiff asked the Court to reconsider its finding that Plaintiff's security deposit was not applied to the illegal thirty-day notice fee and was instead applied to rent for October 2009 in arrears. See generally ECF No. 263. This was a factual conclusion that the Court reached in its July 17 Memorandum and Order on the parties' summary judgment motions, see Jarzyna II, 114 F. Supp. 3d at 277--not its August 13 Order on Defendants' motions for reconsideration.

Both Defendants responded to Plaintiff's motion for reconsideration. ECF Nos. 264, 265. Plaintiff then moved for leave to file a reply memorandum, ECF No. 266, and Defendant Home moved for leave to file a surreply, ECF No. 268. Each party attached its proposed memorandums as an exhibit to the motion.

The Court never granted either party leave to file the reply or surreply brief.

Around the same time, Defendant Home filed a second motion for reconsideration, this time for reconsideration of the Court's August 13 Order. ECF No. 267. Home argued that the Court's ruling on Plaintiff's PA FCEUA count (Count II) should also be reversed. ECF No. 267-2. Home submitted that Plaintiff also had no ascertainable loss as required under the FCEUA since his only loss was attorneys' fees and litigation costs. Id. Basically, Defendant Home asked the Court to extend the logic of its August 13 Order to Plaintiff's FCEUA claim.

By Order dated August 26, 2015, the Court granted Home's second motion for reconsideration, thereby reversing summary judgment in favor of Plaintiff on Count II and granting summary judgment in favor of Defendant Home on Count II. ECF No. 271. The Court explained:

> In its motion, Defendant Home argues that the Court committed a clear error of law by entering judgment in favor of Home on the UTPCPL claim only, rather than on both the UTPCPL and [FCEUA] claims, where the Court found no ascertainable loss under the UTPCPL. As discussed below, the Court finds Home's argument meritorious, and as such, Plaintiff's FCEUA claim must be dismissed.
>
> The FCEUA prohibits "unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts." 73 Pa. Cons. Stat. § 2270.2. FCEUA's enforcement provision provides: "If a debt collector or creditor engage in an unfair or deceptive debt collection act or practice

under this act, it shall constitute a violation of the [UTPCPL]." 73 P.S. § 2270.5(a). Accordingly, the FCEUA "does not provide its own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL." Kaymark[, 783 F. 3d at 182.] While the Supreme Court of Pennsylvania has not yet ruled on its interpretation of the FCEUA's enforcement provision, a Superior Court interpreting the statute has stated that "[t]he inclusion of a violation of the FCEUA as also being a violation of the UTPCPL[] evinces a clear intent by [the Pennsylvania] Legislature that FCEUA claims be treated in the same manner as other private action claims under the UTPCPL." Kern v. Lehigh Valley Hosp., Inc., 108 A.3d 1281, 1290 (Pa. Super. [Ct.] 2015). The Superior Court therefore reasoned that FCEUA claims must "plead that a plaintiff suffered an ascertainable loss as a result of a defendant's prohibited action." Id. "If the FCEUA can only be enforced to the extent that the UTPCPL's private remedy is invoked, then it follows that [a plaintiff] cannot state a claim for relief under the FCEUA if he cannot state a claim for relief under the UTPCPL." Kaymark, 783 F.3d at 182.

The Pennsylvania Supreme Court has recently held that "ascertainable losses" and attorneys' fees are "distinct items for redress" under the UTPCPL and that "the mere acquisition of counsel would not suffice to satisfy the 'ascertainable loss' requirement." Grimes[, 105 A.3d at 1193.] As explained by this Court's Order dated August 13, 2015 (ECF No. 262), once Plaintiff's claim as to the security deposit was dismissed, see Jarzyna [II, 114 F. Supp. 3d. at 277], Plaintiff's attorneys' fees became the only remaining basis for the statutory ascertainable loss requirement under the UTPCPL, and his UTPCPL claim therefore failed. Because the UTPCPL provides the private remedy for FCEUA violations, the same holds true for Plaintiff's FCEUA claim. Just as attorneys' fees alone are insufficient to satisfy the ascertainable loss requirement for a UTPCPL claim, attorneys' fees cannot be the sole basis for an FCEUA claim. Therefore, the Court clearly erred by failing to dispose of Plaintiff's FCEUA claim in its August 13, 2015 order and will grant Home's motion for reconsideration as to Plaintiff's FCEUA claim.

ECF No. 271 n.2.

In the same Order, the Court denied Plaintiff's motion for reconsideration, explaining:

> In his motion, Plaintiff takes issue with the Court's reversal of summary judgment as to his claims under [the UTPCPL]. Specifically, Plaintiff argues that Defendant Home's withholding of the security deposit was taken against the improper thirty-day notice fee and, alternatively, that he had other losses that would satisfy the "ascertainable loss" requirement under the UTPCPL.
>
> Plaintiff's arguments fail, for two reasons. First, the security deposit question was already decided when the Court dismissed the security deposit claim from the case. See Jarzyna [II, 114 F. Supp. 3d at 277] (holding that Plaintiff's security deposit was not improperly withheld when Home applied the deposit amount to rent in arrears). Second, Plaintiff by his ascertainable loss argument improperly seeks to add new facts. Because Plaintiff does not raise the kind of clear error of law or fact, change in controlling law, or new evidence that the Third Circuit required in Max's Seafood Cafe, 176 F.3d at 677, the Court will deny Plaintiff's motion for reconsideration.

Id. at n.1.

The Court's August 26 order had one blemish. The Court inadvertently failed to grant the parties leave to file Plaintiff's reply brief, ECF No. 266, and Home's surreply brief, ECF No. 268, which were attached as exhibits to those parties' motions for leave to file such briefs, or indicate that it had considered their content when ruling on Plaintiff's motion for reconsideration.

15

As a result of this Court's decisions on summary judgment and the motions for reconsideration, the only liability issues that remain for trial are as follows:

- Count I (FDCPA), against Defendant FCO: the AV2 and HD1AC letters lacked the required notice, in violation of 15 U.S.C. § 1692g(a); and

- Defendant Home's counterclaim for Plaintiff's breach of the lease agreement.

For purposes of assessing damages, the only claims that have been decided in Plaintiff's favor on summary judgment are Plaintiff's FDCPA claims against FCO with respect to FCO's failure to identify as a debt collector when leaving voice messages on Plaintiff's cell phone, in violation of §§ 1692e(11) and 1692d(6), and attempts to collect a debt that Plaintiff did not owe, in violation of §§ 1692f(1), 1692e(2), and 1692e(10); and Plaintiff's FCEUA claim against FCO.

D.   The Stay and Recent Status & Scheduling Conferences

On September 1, 2015, Defendant FCO filed a motion to dismiss Plaintiff's individual claims for lack of subject matter jurisdiction, arguing that because it had previously served, and Plaintiff had previously rejected, an offer of judgment under Federal Rule of Civil Procedure 68 that exceeded Plaintiff's

16

maximum possible recovery under the FDCPA and FCEUA, Plaintiff's individual claims were moot. ECF No. 272.

On September 7, 2015, Plaintiff moved for a stay or an extension of time to respond to FCO's motion, because a case then pending before the Supreme Court of the United States, Campbell-Ewald v. Gomez, No. 14-857, was expected to address the issue of whether a case becomes moot when the plaintiff receives an offer of complete relief as to his claim. ECF No. 273. As a result, the Court issued an Order placing the case in suspense until the Supreme Court issued its decision. ECF No. 276.

Also on September 7, 2015, Plaintiff filed a motion asking the Court to direct entry of final judgment as to the Court's orders on the motions for reconsideration dismissing Counts II and III. ECF No. 274. Plaintiff argued that the Court relied on Defendant Home's factual misrepresentations in making these rulings, namely Home's representation that a certain $888 fee was for Plaintiff's final month's rent, not a penalty or notice fee. Plaintiff claimed that "class certification proceedings will be entirely marred by the absence of these claims and, if FCO has its way, Plaintiff will be devoid of any remaining individual claims." ECF No. 274 at 8.

The Court held a status and scheduling conference on September 23, 2015, and as a result of that conference, agreed to modify the stay "to allow the Court to review whether it

17

previously considered the parties' arguments raised in
Plaintiff's Motion to Allow Reply Memorandum (ECF No. 266) and
Defendant Home Properties' Motion for Leave to File Surreply
(ECF No. 268) and the Court's related Orders on the parties'
various motions for reconsideration (ECF Nos. 262 and 271)." ECF
No. 279. As a result of that conference, the Court also denied
Plaintiff's motion for certification of final judgment and order
as to the Court's dismissal of Counts II and III. Id.

The Supreme Court issued its decision in Campbell-
Ewald v. Gomez on January 20, 2016. 136 S. Ct. 663 (2016). A few
days later, Plaintiff moved for reinstatement of the case to the
active docket. ECF No. 280. In the same motion, Plaintiff
requested a status and scheduling conference. Id. The Court held
the conference on April 14, 2016. ECF No. 284. As a result of
the conference, the Court removed the case from the suspense
docket, finding that Defendant FCO's motion to dismiss for lack
of subject matter jurisdiction was mooted by Campbell-Ewald. ECF
No. 285.

In the same order, the Court denied the Plaintiff's
Motion to Allow Reply Memorandum (ECF No. 266), which it
construed as a motion for reconsideration of the Court's orders
on summary judgment (ECF No. 252) and Defendants' earlier
motions for reconsiderations (ECF Nos. 262, 271). ECF No. 285.
The Court explained that it would issue a Memorandum "explaining

whether it had previously considered [Plaintiff's] arguments when deciding the parties' motions for summary judgment and Defendant Home's motions for reconsideration" and "address[ing] the timeliness and merits of Plaintiff's argument concerning application of his security deposit toward the thirty-day notice fee." Id. at n.2. This Memorandum serves that purpose.

## III.   STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Because of the court's interest in the finality of judgments, motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided

by the Court." PBI Performance Prods., Inc. v. NorFab Corp., 514
F. Supp. 2d 732, 744 (quoting Ciena Corp. v. Corvis Corp., 352
F. Supp. 2d 526, 527 (D. Del. 2005)). Said differently, a motion
for reconsideration may not be used to give a litigant a "second
bite at the apple," Bhatnagar v. Surrendra Overseas Ltd., 52
F.3d 1220, 1231 (3d Cir. 1995), and therefore should not be
"grounded on a request that a court rethink a decision already
made." In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d
637, 639 (E.D. Pa. 2010); see also United States v. Jasin, 292
F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("[P]arties are not free to
relitigate issues which the court has already decided." (quoting
Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1993)).
Thus, a motion for reconsideration may address "only factual and
legal matters that the Court may have overlooked" and may not
"ask the Court to rethink what it had already thought through--
rightly or wrongly." Glendon Energy Co. v. Borough of Glendon,
836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quoting Ciba-Geigy
Corp. v. Alza Corp., No. 91-5286, 1993 WL 90412, at *1 (D.N.J.
Mar. 25, 1993)).

Under Local Rule of Civil Procedure 7.1(g), motions
for reconsideration must be filed within fourteen days of the
entry of the order concerned. E.D. Pa. Civ. R. 7.1(g).

## IV.   DISCUSSION

In his reply memorandum, Plaintiff contends that "[o]n July 17, 2015, this Court GRANTED Home Properties, L.P. ("Home") and Fair Collections and Outsourcing, Inc. ("FCO") Motions for Reconsideration on two (2) demonstratively false premises." Pl.'s Reply Br. at 4, ECF No. 266. The first premise, according to Plaintiff, was "Home's (new) argument that none of Plaintiff's security deposit was taken as against the illegal 30 Day Notice Fee – that it all was applied as to outstanding rent." Id. The second premise was that "Plaintiff cannot demonstrate ascertainable losses." Id. at 5. Plaintiff's counsel reiterated this argument at the September 23, 2015, status and scheduling conference, wherein he represented that he "would like to have this Court's order of July 17th reinstated," because "the two reconsideration motions . . . granted are based on demonstratively predicate wrong facts that were presented to the Court." Status & Sch. Conference Tr. at 5-6, Sept. 23, 2015, ECF No. 282. He claimed that "Home obtained the reconsideration saying falsely they didn't assess this lease break fee against [Plaintiff] and saying falsely that the rent owed was for November." Id. at 6.

In response, Home's counsel argued that "the argument now made by plaintiff's counsel relating to whether the amounts in dispute should be characterized as rent or a penalty have

21

been made four times now in motions before the Court," including in Plaintiff's opposition to Home's motion for summary judgment, ECF No. 246, which the Court indicated that it had considered when ruling on the summary judgment motions. Id. at 10. Home's counsel then noted that after the Court issued its opinion on the summary judgment motions, Plaintiff did not move for reconsideration. Id. at 11. While Home moved for reconsideration and the Court granted its motion, that ruling was based solely on the Court's legal error in finding that attorneys' fees could qualify as ascertainable loss under the UTCPL. Id. Therefore, according to Home, Plaintiff's attempts to revisit the Court's findings on summary judgment were untimely and did not present any sort of new argument. Id. at 14.

As stated above, the Court has reviewed the content of Plaintiff's reply brief and notes that it had considered the contents of that brief before issuing its August 26 Order denying Plaintiff's motion for reconsideration, although it inadvertently failed to grant Plaintiff leave to file that brief as a separate entry on the docket. Nevertheless, the Court will consider the arguments raised by Plaintiff again here. Plaintiff's contentions in his reply brief are flawed in several respects. The Court will address each in turn.

A.    Procedural Issues

The Court first addresses the procedural problems with Plaintiff's reply brief.

First, in his brief, Plaintiff is unclear as to which order of the Court that he challenges. He claims that "[o]n July 17, 2015, this Court GRANTED Home Properties, L.P. ("Home") and Fair Collections and Outsourcing, Inc. ("FCO") Motions for Reconsideration." Pl.'s Reply Br. at 4. This is not true. On July 17, 2015, the Court ruled on the parties' motions for summary judgment. The Court ruled on Defendants' motions for reconsiderations as to the Plaintiff's UTPCPL claims on August 13, 2015. ECF No. 262.

Second, the Court did not grant Defendants' motions for reconsideration in full, as Plaintiff contends. Rather, the Court granted in part and denied in part Defendant Home's motion for reconsideration and denied Defendant FCO's motion for reconsideration in its entirety. Id.

Third, Plaintiff seems to misunderstand the basis of the Court's partial grant of Defendant Home's motion for reconsideration. Plaintiff contends that the Court's ruling was based on Home's argument, for the first time, that none of the security deposit was applied to the thirty-day notice fee. ECF Pl.'s Reply Br. at 5. However, the Court's ruling was based solely on its conclusion that the mere acquisition of counsel to

23

bring suit does not satisfy the UTPCPL's "ascertainable loss" requirement. ECF No. 262 at 1 n.2. While Home also argued that the Court incorrectly classified Plaintiff's November 2009 rent as a notice fee, ECF No. 255-2 at 4, the Court expressly rejected this argument:

> Defendant Home also argues that it assessed no thirty-day notice fee on Plaintiff, but merely charged him for a final month's rent, as required by the parties' lease agreement. . . . The Court need not decide whether Home's interpretation of the lease agreement, advanced here for the first time, is correct. At most, Home raises an ambiguity in the lease agreement . . . or an arguable question of fact.

ECF No. 262 at 3 n.3. Accordingly, Plaintiff's motion for reconsideration of the Court's August 13 Order should have addressed only whether, as a matter of law, retention of an attorney is an ascertainable loss, because this issue was the only basis for the Court's decision.

Fourth, to the extent that it asks the Court to reconsider its July 17 decision on summary judgment, Plaintiff's reply brief is untimely. Plaintiff maintains that the Court's August 13 Order relied on "Home's (new) argument that none of Plaintiff's security deposit was taken as against the illegal 30 Day Notice Fee - that it all was applied as to outstanding rent," Pl.'s Reply Br. at 2, but the August 13 Order says nothing to this effect. Rather, the security deposit claim was

dismissed from the case in the Court's July 17 Order on the parties' summary judgment motions. ECF No. 252.

In its Memorandum addressing the parties' summary judgment motions, the Court determined that the balance Plaintiff owed to Home at the time he moved out included the rent charges for October 2009 of $888.00 and that Home could have properly applied Plaintiff's $500 security deposit toward his unpaid rent. Specifically, the Court said as follows:

> Plaintiff asserts that "Home's '30 day notice fee' does not and cannot possibly be classified as 'rent' because it is a one-time penalty (and not a regular, periodic payment) that Home itself assesses and applies outside the provisions of the lease. Pl.'s Resp. to Home 23. In other words, he argues that his security deposit was improperly withheld to pay for the notice fee, whereas Pennsylvania law only permits landlords to apply security deposits to damages and rent defaults. See 68 P.S. § 250.511a(a) (noting security deposit may be used for "payment of damages to the leasehold premises and/or default in rent thereof"). Regardless of whether, in the abstract, Pennsylvania law allows landlords to apply security deposits to notice fees, Plaintiff's claim fails here. As the Court discussed above, Plaintiff's balance due included a rental charge related to October 2009 for $888.00. This amount more than offset the security deposit and Home was justified in withholding the deposit to partially cover for the missing rent.

Jarzyna II, 114 F. Supp. 3d at 276-77 (footnote omitted); see also id. at 273-74 (examining the Statement of Deposit and Resident Ledger Detail Report and determining the debts listed on these documents, aside from the thirty-day notice fee, were supported by the record). This determination is consistent with

Pennsylvania landlord-tenant law, which provides that a landlord
is not precluded "from refusing to return the escrow fund,
including any unpaid interest thereon, for nonpayment of rent or
for the breach of any other condition in the lease by the
tenant." 68 Pa. Cons. Stat. § 250.512(a). Therefore, the Court,
in its decision on summary judgment, determined that Home's
refusal to return Plaintiff's security deposit could not serve
as a basis for "ascertainable damages" under the UTPCPL.

      Throughout this case, Plaintiff has alleged just two
kinds of "ascertainable loss" under the UPTPCPL: (1) his
security deposit was unlawfully withheld, Am. Compl. ¶ 56, ECF
No. 21, and (2) he was forced to retain counsel to resist FCO's
collection efforts and seeks attorneys' fees in the instant
case. See Jarzyna I, 763 F. Supp. 2d at 749 (denying FCO's
motion to dismiss the UPTPCPL claim because Plaintiff pled these
potential ascertainable losses). After the Court decided that
Home properly withheld Plaintiff's security deposit because he
had not paid the October 2009 rent, the only remaining category
of ascertainable loss was Plaintiff's attorneys' fees. The Court
made this clear in its summary judgment decision:

> Home suggests that Plaintiff suffered no loss as a
> result of Home's actions, as the UTPCPL requires.
> However, . . . Plaintiff alleges that he was forced to
> retain counsel to resist FCO's collection efforts and
> in his prayer for relief requests all reasonable
> attorneys' fees. Likewise, Plaintiff retained counsel
> here to effectively dispute the improperly charged

> thirty-day notice fee. Plaintiff's UTPCPL claim as to
> this charge thus withstands summary judgment.

Jarzyna II, 114 F. Supp. 3d at 275 (internal citations omitted).
The Court further emphasized that Plaintiff's UTPCPL claim
turned on his payment of attorneys' fees: "It may well turn out
Plaintiff has no ascertainable loss because he has not paid any
attorneys' fees. However, the Court will make a determination as
to damages at a later stage." Id. at 276 n.41.

In sum, despite Plaintiff's contention otherwise, the
Court decided in its July 17 Memorandum and Order on summary
judgment that the security deposit was applied toward
Plaintiff's unpaid October 2009 rent and that his attorneys'
fees were the only basis upon which the UTPCPL claim survived.
If Plaintiff wished to challenge these determinations, he was
required to file a motion for reconsideration under Local Rule
7.1(g) (arguing some manifest error of law or fact or presenting
newly discovered evidence, Max's Seafood Cafe, 176 F.3d at 677)
within 14 days of the July 17 decision. Plaintiff's challenge to
the security deposit claim in a motion, which he styled as a
motion for reconsideration of the Court's August 13 order, is
untimely and improper.

Plaintiff's counsel seemed to concede untimeliness
during the September 23, 2015 conference. He stated:

> Home come[s] and they say you're untimely, you didn't
> appeal the judge's order, you're untimely. Well,

27

> respectfully, Your Honor, when I get a detailed 91-
> page opinion that evidences the amount of time and
> thought this Court put into it, even if I have
> disagreements with certain aspects of it, if it comes
> out to where I need it to be why would I? Why would I
> file a motion for reconsideration? They are sparingly
> granted, they are sparingly to be used.

Status & Sch. Conference Tr. at 18-19, Sept. 23, 2015.

Plaintiff's suggestion that the length of the Court's summary

judgment decision somehow excused him from complying with the

deadline for filing motions for reconsideration under Local Rule

7.1(g) is baseless. The rule does not contain an exception for

lengthy or complex opinions, and if Plaintiff required an

extension to review the opinion and consider whether filing a

motion for reconsideration was appropriate, Plaintiff could have

asked the Court.

Fifth, as Home points out in its surreply brief in

response to Plaintiff's reply brief, Plaintiff did not present

any sort of new argument in his motion for reconsideration. ECF

No. 268-3 Ex. A. Rather, the arguments presented in Plaintiff's

reply brief had been previously presented by Plaintiff in at

least three other briefs: (1) Plaintiff's August 13, 2014

supplement in opposition to Home's motion for summary judgment,

ECF No. 246; (2) Plaintiff's August 3, 2015 response to Home's

motion for reconsideration, ECF No. 256-1; and (3) Plaintiff's

August 14, 2015 initial brief in support of Plaintiff's motion

for reconsideration, ECF No. 263. Plaintiff's reply brief is

therefore nothing more than an attempt to "rehash arguments which have already been briefed by the parties and considered and decided by the Court."[3] <u>PBI Performance Prods.</u>, 514 F. Supp. 2d at 744 (quoting <u>Ciena Corp.</u>, 352 F. Supp. 2d at 527).

   B.   <u>Merits Issues</u>

       Even if the Court considers the merits of Plaintiff's arguments as to ascertainable loss under the UTPCPL (and likewise under the FCEUA), Plaintiff would not prevail.

       To maintain a private right of action under the UTPCPL, a plaintiff must demonstrate (1) "ascertainable loss of money or property, real or personal," that occurs (2) "as a result of" the defendant's conduct prohibited under the UTPCPL. <u>Kaymark</u>, 783 F.3d at 180 (quoting 73 Pa. Cons. Stat. § 201-9.2(a)(2)). Damages cannot be speculative, and the plaintiff must have suffered harm as a result of the defendant's wrongful conduct, meaning he must be able to show an actual loss of money

---

[3]       Although the Court read and considered Plaintiff's reply before issuing its August 26 Order denying Plaintiff's motion for reconsideration, the Court notes that Plaintiff's decision to file a reply brief was also inappropriate because, as explained above, it did not rebut a new issue raised in Home's response or address an argument not raised in Plaintiff's initial brief. This Court's procedures state that reply briefs "are discouraged unless necessary to rebut an issue or point of law not discussed in the initial briefs." Outline of Pretrial and Trial Procedures Before Judge Eduardo C. Robreno ¶ II.C.2. The Court cautions parties that reply briefs are to be used sparingly and only for the limited purposes identified in the Court's procedural guidelines.

or property. Id. "[T]he test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages." Id. at 181 (quoting Pashak v. Barish, 450 A.2d 67, 69 (Pa. Super. Ct. 1982)). Because the UTPCPL provides the private cause of action for FCEUA claims, id. at 182, FCEUA claims also must "plead that a plaintiff suffered an ascertainable loss as a result of a defendant's prohibited action." Kern v. Lehigh Valley Hosp., Inc., 108 A.3d 1281, 1290 (Pa. Super. Ct. 2015).

In Grimes v. Enterprise Leasing Co. of Philadelphia, the plaintiff brought a UTPCPL claim against car rental company Enterprise Leasing Company of Philadelphia ("Enterprise") for its pursuit of allegedly fraudulent and excessive fees that the plaintiff disputed and did not pay. 105 A.3d at 1191. The plaintiff claimed that Enterprise's threats to collect the money owed from the plaintiff's auto insurance carrier and credit card issuer, as well as her hiring of counsel to file suit to halt Enterprise's collection efforts, satisfied the UTPCPL's ascertainable loss requirement. Id. The Supreme Court of Pennsylvania noted that the plaintiff admitted that she had not paid anything toward the outstanding bill and the unpaid bill alone did not meet the ascertainable loss requirement. Id. at 1193. It then went on to hold that "the mere acquisition of

30

counsel [does] not suffice to satisfy the 'ascertainable loss' requirement." Id. The Supreme Court of Pennsylvania explained that the UTPCPL provides separately for an award of attorneys' fees and costs and it would be improper to allow "a plaintiff to manufacture the 'ascertainable loss' required to bring a private UTPCPL claim simply by obtaining counsel to bring a private UTPCPL claim." Id. Accordingly, the plaintiff had not asserted a loss of money or property due to Enterprise's alleged UTPCPL violations, so her UTPCPL claim failed as a matter of law.

Relatedly, in Kaymark v. Bank of America, N.A., the Third Circuit found that the defendant bank's placement of a lien on the plaintiff's residential property in the form of an inflated mortgage did not satisfy the ascertainable loss requirement. 783 F.3d at 180, 182. Rather, a UTPCPL plaintiff is required to assert that he was actually "deprived of his property" or "paid the disputed fees alleged to have deprived him of his property." Id. at 180.

Here, Plaintiff identified several possible sources of ascertainable loss in his initial brief in support of his motion for reconsideration. Plaintiff argued that "he clearly can demonstrate--in addition to the loss of all but $300.00 of his security deposit taken against the 'LBF' (30 Day Notice Fee)-- ascertainable losses in the form of lost work (for attending every proceeding before the Court and even prior as he tried to

31

negotiate the juggernaut Home had laid down prior to his quitting the premises), travel expenses (to the Court), as well as moving expenses and a storage unit."[4] ECF No. 263 at 4.

As explained in the Court's decision on summary judgment, Plaintiff owed the increased rent for October 2009, and regardless of how Home coded the write-off entries on the Resident Ledger Detail Report, Home was entitled to apply Plaintiff's $500 security deposit toward that unpaid rent. See Jarzyna II, 114 F. Supp. 3d at 273-74 ("With respect to the '10/31/2009' rental charge, Plaintiff argues that this improperly related to 'rent for November.' The Ledger belies this assertion, showing that the $888.00 actually related to October 2009, which was Plaintiff's last month at Glen Brook." (citing Pl.'s Suppl. Ex. D, ECF No. 24-1, at 7-11)). In his motion for reconsideration, Plaintiff addresses what happened to the November 2009 rent (Plaintiff "was given a move-out proration credit that erased it entirely," ECF No. 266 at 5), but he does not address the October 2009 rent other than to generally deny that he owed any back rent, id. at 5 n.1.[5]

---

[4]     This was the first time that Plaintiff pointed to lost work, travel expenses, and moving-related expenses as possible sources of ascertainable loss; Plaintiff had not pointed to these categories of loss in his briefs at the summary judgment stage.

[5]     To the extent that Plaintiff points to his own deposition testimony--and only his deposition testimony--to

Accordingly, Plaintiff has not explained why the Court's conclusion that Plaintiff had not paid the October 2009 was a "manifest error of . . . fact," as required to prevail on a motion for reconsideration. Max's Seafood Cafe, 176 F.3d at 677.

As to the other possible sources of ascertainable loss identified by Plaintiff, Plaintiff has not explained why his time off of work and travel expenses, which are associated with litigating his UTPCPL claim, should be treated any differently than attorneys' fees, which are losses that Plaintiff could have manufactured simply by bringing a private cause of action against Home. Cf. Grimes, 105 A.3d at 1193 (explaining that recognizing attorneys' fees as an ascertainable loss "would allow a plaintiff to manufacture" this requirement for bringing a UTPCPL claim). Nor he has pointed to any case law suggesting that Pennsylvania courts would recognize such costs as ascertainable losses sufficient to support a UTPCPL claim.

Moreover, Plaintiff has not demonstrated that his moving expenses and storage costs were incurred "as a result of" Home's conduct in violation of the UTPCPL, namely its assessment of the thirty-day notice fee. The thirty-day notice fee was not

---

support his claim that he had paid the October 2009 rent, such testimony alone is insufficient to raise a genuine issue of material fact as to whether Plaintiff has suffered ascertainable loss. See Johnson v. MetLife Bank, N.A., 883 F. Supp. 2d 542, 549 (E.D. Pa. 2012) (explaining that a plaintiff cannot defeat a motion for summary judgment by relying solely on his own deposition testimony to create genuine issues of material fact).

assessed against Plaintiff until after he decided to move out. Because Plaintiff decided to terminate his lease and move out of his Glen Brook apartment before Home assessed this fee, Plaintiff has not shown the requisite causal link. Kaymark, 783 F.3d at 180 (quoting 73 Pa. Cons. Stat. § 201-9.2(a)(2)).

For these reasons, Plaintiff has not demonstrated an ascertainable loss. Accordingly, his UTPCPL and FCEUA claims still fail as a matter of law.

## V.   CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is denied. See ECF No. 385.