**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARIUSZ G. JARZYNA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| | ) | **No. 10-4191** |
| **v.** | ) | |
| | ) | |
| | ) | **CLASS ACTION** |
| **HOME PROPERTIES, L.P. and** | ) | |
| **FAIR COLLECTIONS AND** | ) | |
| **OUTSOURCING, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT FAIR CREDIT AND OUTSOURCING,
INC.'S MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE COURT AND
FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF**

Plaintiff Mariusz G. Jarzyna ("Plaintiff"), by and through his undersigned

counsel, hereby replies to defendant Fair Collections and Outsourcing, Inc.'s ("FCO")

Motion for Leave to Deposit Funds into the Court and for Entry of Judgment in Favor of

Plaintiff as follows.

On April 22, 2016, based upon summary judgments granted in his favor and as

against FCO, Plaintiff moved for Class Certification on behalf of:

All persons residing in Pennsylvania, New York, New Jersey, Massachusetts,
Maryland, Maine, Florida, Illinois and Washington, D.C who, during the period
January 1, 2008 through the date of the filing of Plaintiff's Third Amended Class
Action Complaint on April 8, 2013 (Doc. No. 205) (the "Class Period"):

    a)     have been identified and/or readily identifiable by Home
Properties, L.P. ("Home") to have been assessed Thirty Day Notice Fees
by Home – and with the balance placed with FCO for collection, in
violation of 15 U.S.C. §§ 1692f(1), 1692e(2), and 1692e(10); and,

    b)     who have been subject of FCO's standard, common, and uniform
policy not to identify themselves as a debt collector when leaving
messages on cellular/personal phones in violation of 15 U.S.C. §§
1692e(11) and 1692d(6).

(Doc. No. 287 -- collectively, the "Class").[1]

Specifically, Plaintiff seeks class certification of judgments held as against FCO for its violations of §§1692d(6) and 1692e(11) and of §§ 1692e(2), 1692e(10), and 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA").  (*See* Doc. Nos. 252 – as amended by Doc. Nos. 262 and 271, and 287).

For Pennsylvania alone the Class has been identified during discovery to be three thousand, two hundred and seventy four persons (3,274) and the "Notice Fee" amounts involved have been identified by Home to be $4,141,717.07 charged against the Class' security deposits with $2,061,720.49 of the offensive (and illegal) debt tasked to FCO for collection activities.[2]

While subsequent Court Opinions dismissed Plaintiff's claims as against Home on legal truisms – that the amount Home claims it is owed exceeds the security deposit - the fact remains that the Court specifically declined to grant Summary Judgment in favor of Home because:

 "… the amount Plaintiff actually owes Home, ***if any***, is uncertain and Home has not shown the absence of a genuine dispute of material fact on this question… ."

(Doc. No. 251, Pgs. 77-78 –emphasis added).[3]  Respectfully, Plaintiff believes that the clear weight of authority supports Plaintiff seeking actual damages for those Class

---

[1] *See* Plaintiff's Revised Third Amended Complaint ¶ 70. Plaintiff may seek certification of sub-classes pursuant to Rule 23(c)(5) or certification of particular issues pursuant to Rule 23(c)(4) in response to any opposition that Defendants may propose to class certification.

[2] On average, Home has acknowledged that the sum of the "Notice Fees" at issue herein per Pennsylvania tenant is $1,895.00 – or within a few dollars of the amount Home claims Plaintiff owes it.

[3] Tellingly, despite claiming Plaintiff owed it more than his security deposit, Home did not move for reconsideration of its Counterclaim.  Respectfully, that is because at trial –

members identified by FCO's systems as having paid FCO against these fees, with statutory damages for those who have not.

FCO must respond to Plaintiff's class certification motion by May 31, 2016 pursuant to this Court's April 14, 2016 Order. However, FCO has instead moved for leave to deposit $1,401 into court to satisfy the individual judgment presently entered against it. FCO has further provided the Court with the Declaration of Frank C. White, Jr, a Senior Claims Officer for Chubb & Son, stating that there is a remaining balance of $4,523,136.75 under FCO's liability policy implicated by the claims asserted against FCO in this litigation, and that this amount is sufficient to pay any of costs assessed and 'reasonable attorneys fees as determined by the Court' (while reserving FCO's right to appeal any fee award.)

FCO's motion is a blatant attempt to improperly short-circuit the class certification process. To the extent FCO seeks to limit Plaintiff to purely statutory damages, such is premature and merely an attempted end-run around the United States Supreme Court's Holding in *Campbell-Ewald v. Gomez*, No. 14-857, and another bite at a jurisdictional challenge to Class Certification.  The actual amount of actual damages –

---

using just three (3) documents and the testimony of just three (3) witnesses, - Plaintiff intends to show how Home's automated system churned the subject fees and that Plaintiff – not Home, is actually owed money.  The identified "Notice Fees" contain more than just the $888.00 currently focused on –that became clear with the belatedly produced (complete) ledger.  Those fees also contain impermissible "vacant utility" charges as well as other impermissible fees which is why, on average, the sum of the "Notice Fees" at issue herein per Pennsylvania tenant is $1,895.00 – or within a few dollars of the amount Home claims Plaintiff owes it.  Plaintiff, respectfully, intends to move to conform the Verdict pursuant to Rule 59 of the Federal Rules of Civil Procedure.  *See, Wiest v. Lynch*, 710 F.3d 121 (3rd Cir. 2013)(failure to move for reconsideration within the time constraints established by a local rule of court is no jurisdictional bar as Fed.R.Civ.Pro.59(e) --- motion to alter or amend a judgment, controls.  And, in the context of Fed. R. Civ. Pro. 59(e) the prescribed time limits are claims-processing rules, rather than jurisdictional rules).

that is, the exact amount of the Notice Fees FCO collected out of the $2,061,720.49 (in Pennsylvania alone) - which Home tasked to FCO for collection, as well as amounts collected from Home tenants in New York, New Jersey, Massachusetts, Maryland, Maine, Florida, Illinois and Washington, D.C - is easily ascertainable from the electronic records FCO is contractually and statutorily required to maintain. Coincidentally, depending on where the Court places the liability for those monies that were taken by Home directly from its tenant security deposits,[4] the balance of FCO's Errors and Omissions Insurance Policy number 8209-0584 ("Policy") which Mr. White places at $4,523,136.75 may come within dollars of the actual damages FCO owes the Class and, thus, be sufficient to afford the Class complete recovery as from FCO.

    As the Third Circuit plainly articulated in *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353 (2015):

> "… individual damages calculations do not preclude class certification under Rule 23(b)(3)"

*Id. at 373-4, quoting Comcast*, 133 S.Ct. at 1437 (Ginsburg, J. & Breyer, J., dissenting).[5]

Plaintiff's judgments render it unnecessary for Class members to clog the Court with

---

[4] The belatedly produced Ledger that Home provided plainly shows that at least one half of Plaintiff's security deposit was taken as against the Lease Break Fee. The Court has plainly indicated that despite what that document says, the amount went to rent. That means 100% of these fees were tasked to FCO – with a significant portion "pre-paid" from escrow. So, with millions identified as having been taken directly against these Notice Fees and with Home currently entirely off the hook for every penny of those damages, where else is Plaintiff -- and the Court -- to look to recoup damages for the Class?

[5] Dramatic differences may exist among class members as to the respective damages suffered by individual members. Varying damage levels rarely prohibit a class action if the class members' claims possess factual and legal commonality. *Mayer v. Mylod,* 988 F.2d 635, 640 (6th Cir. 1993)(in securities fraud action, commonality and typically Class Action Litigation requirements are met even where some investors made money and

separate claims against Defendant – if they would do so for such a small amount of actual damages -  which in the aggregate involve millions of dollars. Management of this action as a class action will provide a global resolution to this matter.   The Pennsylvania Class members' identities - and the overall actual dollar amounts involved herein - have already been obtained from Defendants' computerized and electronic records through the Special Master Process. The very same information is obtainable with keystrokes for those Class members in New York, New Jersey, Massachusetts, Maryland, Maine, Florida, Illinois and Washington, D.C.

WHEREFORE, Plaintiff respectfully requests that the Court DENY FCO's Motion.

Respectfully submitted,

Dated: May 16, 2016

/s/ Joseph A. O'Keefe
Joseph A. O'Keefe
PA Attorney I.D. No. 77068
22 E. Main Street
Fleetwood, PA 19522
(610) 683-0771

Francis J. Farina, Esq.
Pa. ID No. 48736
203 Hobbs Street
Davidson, N.C. 28036
704-997-5395

---

some lost money because the questions of liability are common to all class members regardless of their level of damages); *Sterling v. Velsicol Chem. Corp.,* 855 F.2d 1188, 1197 (6th Cir. 1988)(in mass tort action, even though damages may be disparate, where liability can be determined on a class-wide basis because it arises from a single course of conduct that is identical for each plaintiff, class action is suitable for adjudication).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing Plaintiff's Reply to Defendant Fair Credit and Outsourcing, Inc.s Motion for Leave to Deposit Funds Into the Court and for Entry of Judgment in Favor of Plaintiff was served this date on counsel for Defendants via the court's ECF electronic service and notification system as follows:

**CANTER LAW OFFICES LLC**
Ronald S. Canter, Esquire
11300 Rockville Pike
Suite 1200
Rockville, MD 20852

*Attorneys for Defendant Fair Collections and Outsourcing, Inc.*

**SWARTZ CAMPBELL, LLC**
Candidus Dougherty, Esquire
Two Liberty Place
28th Floor
50 South 16th Street
Philadelphia, PA 19102

*Attorneys for Defendant Home Properties, LP*

Dated: May 16, 2016                     /s/ Joseph A. O'Keefe
                                        Joseph A. O'Keefe